# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 98-1215/1218

_____

Arkansas Right to Life State      *
Political Action Committee and      *
David Sloan,      *
     *
            Appellees,      *
     *
       v.      *
     *
Brad Butler, In His Official      *
Capacity as State Attorney for      *
Benton County; Troy Burris, In      *
His Official Capacity as Chairman      *
and Member of the Arkansas      *
Ethics Commission; Rita Looney,      * Appeals from the United States
In Her Official Capacity as Member      * District Court for the Western
of the Arkansas Ethics Commission;      * District of Arkansas.
Ben Allen, In His Official Capacity      *
as Member of the Arkansas Ethics      *
Commission; Jack Kearney, In      *
His Official Capacity as Member      *
of the Arkansas Ethics Commission;      *
and Tom Alexander, In His Official      *
Capacity as Member of the Arkansas      *
Ethics Commission,      *
     *
            Appellants/Defendants,      *
     *
Genevieve Stewart; Paul Kelly;      *
Association of Community      *
Organizations for Reform Now      *
Political Action Committee; and      *

Local 100, Service Employees                    *
International Union Political                     *
Action Committee,                                *
                                                 *
    Intervenors as Defendants/Appellants.  *

_____

Submitted:  April 13, 1998

Filed:   June 4, 1998
_____

Before WOLLMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The Arkansas Right to Life State Political Action Committee brought this suit challenging the constitutionality of various provisions of a campaign finance reform measure approved by popular vote in Arkansas in 1996 and known as Initiated Act I. The district court entered partial summary judgment invalidating one of the provisions of Act I, *see Arkansas Right to Life State Political Action Committee v. Butler*, 983 F. Supp. 1209, 1213, 1236 (W.D. Ark. 1997), and the defendants and the intervenors (as defendants) appeal.  We affirm the judgment of the district court[1] and remand the case for further proceedings consistent with this opinion.

I.

While this appeal was pending, the plaintiffs filed two motions.  They moved, first, to dismiss the appeal of the intervenors on the ground that it was untimely.  It is

_____

[1]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

undisputed that the primary defendants filed a timely notice of appeal on December 17, 1997, and that the intervenors filed a notice of appeal on December 29, 1997.

Fed. R. App. P. 4(a)(3) provides that if "one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed." Since December 29 is certainly within fourteen days of December 17, we believe that the intervenors filed their notice within the relevant time limit.

## II.

The plaintiffs also moved to dismiss the intervenors for lack of Article III standing. Intervenors, like any other party to a case, must meet the requirements of Article III standing to be eligible to litigate their claims in federal court: "While [Fed. R. Civ. P.] 24 [on intervention] promotes judicial economy by facilitating, where constitutionally permissible, the participation of interested parties in others' lawsuits, the fact remains that a federal case is a limited affair, and not everyone with an opinion is invited to attend." *Mausolf v. Babbitt*, 85 F.3d 1295, 1301 (8th Cir. 1996). Article III standing must exist throughout the litigation.

Given our holding on the merits below, however, there is no longer an active dispute in the present case before this court. Whether the intervenors have standing to litigate their remaining claims before the district court is a matter for that court to determine upon remand.

## III.

In the district court, the defendants and the intervenors challenged the plaintiffs' standing to bring this case on the ground that the plaintiffs lacked the necessary "injury in fact," and the district court denied their motion to dismiss. *See Arkansas Right to Life State Political Action Committee v. Butler*, 972 F. Supp. 1187, 1189, 1192, 1194 (W.D. Ark. 1997). Standing is, of course, a threshold issue in every case before a

federal court: If a plaintiff lacks standing, he or she cannot invoke its jurisdiction. *See Boyle v. Anderson*, 68 F.3d 1093, 1100 (8th Cir. 1995), *cert. denied*, 516 U.S. 1173 (1996). In order to invoke the jurisdiction of a federal court, one must have suffered an "injury in fact," and such an injury must be concrete, particularized, and either actual or imminent. *Id.* at 1100-01. Vague and conclusory allegations of harm are insufficient to create standing. *See Renne v. Geary*, 501 U.S. 312, 316 (1991); *see also id.* at 324.

Plaintiffs, however, are not required to expose themselves to arrest or prosecution under a criminal statute in order to challenge a statute in federal court. *See New Hampshire Right to Life Political Action Committee v. Gardner*, 99 F.3d 8, 13 (1st Cir. 1996). Instead, "[w]hen government action or inaction is challenged by a party who is a target or object of that action ... 'there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it.' " *Minnesota Citizens Concerned for Life v. Federal Election Commission*, 113 F.3d 129, 131 (8th Cir. 1997), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992).

We believe that the district court properly concluded that the plaintiffs are a target or object of the prohibitions contained in Act I. The plaintiffs allege in their verified complaint that they "would like to make contributions in excess of $100 to the candidates enumerated in Arkansas Code § 7-6-203(b)(1) and $300 to the candidates enumerated in Arkansas Code § 7-6-203(b)(2)." Unlike the plaintiffs in *Renne*, 501 U.S. at 322, who did not allege an intention to engage in the proscribed conduct with sufficient specificity, the plaintiffs here have alleged a specific intent to pursue conduct in violation of the challenged statute. We believe therefore that the district court was correct in concluding that the plaintiffs had standing to challenge the provision of Act I in question in this case.

-4-

## IV.

In a companion case, *Russell v. Burris*, _____ F.3d _____ (8th Cir. 1998), we resolved the constitutional issue raised here. We declared the provision invalidated by the district court's summary judgment in this case to be unconstitutional and unenforceable. We therefore affirm the judgment of the district court and remand the case for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.