BYE, Circuit Judge,
concurring in part and dissenting in part.
While I agree the Appellants have demonstrated standing, I disagree as to the conclusion each of Appellants’ proposed activities is ripe for judicial review. Instead, I observe the Appellants’ proposed activities which rely upon a candidate endorsement are not yet ready for review as Appellants have not identified any particular candidate they wish to endorse, while Appellants’ proposed activities not relying on such an endorsement are ripe for review.
The majority relies upon Arkansas Right to Life State Political Action Committee v. Butler, 146 F.3d 558 (8th Cir. 1998), for the proposition the Appellants claimed “a specific intent to pursue conduct in violation of the challenged statute.” Ante at 487 - 488 (quoting Butler, 146 F.3d at 560). The plaintiffs in Butler contended they “would like to make contributions in excess of $100 to the candidates enumerated in Arkansas Code § 7 — 6—203(b)(1) and $300 to the candidates enumerated in Arkansas Code § 7-6-203(b)(2).” Id. The statute at issue in Butler specifically prohibited certain contributions to candidates. The plaintiffs alleged a present intent to contribute funds to candidates without suggesting the contributions relied upon any endorsement of the candidates. The Court concluded the plaintiffs in Butler were unlike those in Renne v. Geary, 501 U.S. 312, 322, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991), because the Butler plaintiffs alleged a specific intent to violate the statute.
The majority here concludes the Appellants allege a specific intent to violate the statute and therefore their claim is ripe for review under Butler. A closer analysis of the case law, however, illuminates the error in the majority’s reasoning. The statute at issue in Renne specifically prohibited a candidate seeking election for a *489 nonpartisan position from including a political party endorsement in her candidate statement published jn the information pamphlet distributed to voters. In Renne, the plaintiffs alleged a “ ‘desire ... to publicize [party] endorsements’ and the ‘desire [of all respondents] to read endorsements’ in the voter pamphlets.” Renne, 501 U.S. at 335, 111 S.Ct. 2331 (Marshall, J., dissenting). In Renne, the plaintiffs made their intention to endorse candidates clear. Id. at 339-40, 111 S.Ct. 2331 (Marshall, J., dissenting). Like the plaintiffs in Butler, the plaintiffs in Renne alleged a specific intent to violate the statute. However, the plaintiffs’ allegations in Renne differed from those in Butler in one significant respect: the Renne plaintiffs did not allege an interest to endorse all candidates or even candidates from a particular political party. Instead, they expressed an interest in endorsing particular candidates, but did not provide names for those candidates. In contrast, the Butler plaintiffs expressed an interest in contributing to enumerated candidates, whomever they might be. Although the candidate names were not alleged in Butler, the Butler plaintiffs did not suggest their contributions depended upon any particularized endorsement decision. As a result, the Butler plaintiffs sufficiently specified their intent to violate the law, while the Renne plaintiffs did not. The Renne plaintiffs’ failure to indicate any particular candidate whom they would endorse was fatal to their claim. Id. at 321, 111 S.Ct. 2331.
The stated intentions of the plaintiffs in Renne do not substantively differ from the intentions stated by Appellants in this case. Appellants do not know which candidates they may endorse because they lack sufficient information about them. Accordingly, I believe this case parallels Renne more closely than Butler with regard to the proposed activities relying upon a candidate endorsement. Appellants seek to endorse and support candidates where such endorsement and support is prohibited by statute. In this case, the candidates for federal office have not been announced, and although Appellants have expressed an interest in endorsing candidates for federal office, they have not expressed an interest in endorsing any particular candidate.
Appellants may decide not to endorse any particular candidate, in which case a number of Appellants’ proposed activities would never come to fruition. I do not believe Appellants must actually endorse a candidate in violation of the statute to achieve standing, but for ripeness purposes, I believe Appellants must indicate which candidate they would endorse absent the legislation to make their endorsement-related claims ripe for review. Absent such a specific intended endorsement, Appellants have not demonstrated their speech has been chilled by the regulation.
I therefore agree with the Supreme Court in Renne that First Amendment challenges “have fundamental and far-reaching import. For that very reason, we cannot decide the case based upon the amorphous and ill-defined factual record presented to us.” Id. at 324, 111 S.Ct. 2331; see also State of Mo. ex rel. Mo. Hwy. & Transp. Comm’n v. Cuffley, 112 F.3d 1332, 1337 (8th Cir.1997).
While I believe Appellants’ endorsement-based claims are not ripe for review, I agree with the majority as to Appellants’ claims which do not rely upon the Appellants endorsing a candidate. Specifically, I believe Appellants’ claims they would “[i]nvit[e] candidates for federal office to attend [Appellants’] respective member events and/or speak at said member events” and “[s]end[ ] email or other correspondence to [Appellants’] respective members informing them of federal candi *490 date events” parallel the claims made by the plaintiffs in Butler. Accordingly, I agree with the majority those claims are ready for review and would remand them to the district court for further proceedings consistent with this opinion.