# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 96-2612

———————

Minnesota Citizens Concerned   *
for Life; Elizabeth A. Blosser,  *
                               *
    Plaintiffs - Appellees,   *  Appeal from the United States
                              *  District Court for the
    v.                          *  District of Minnesota.
                              *
Federal Election Commission,   *
                              *
    Defendant - Appellant.    *

———————

Submitted: February 10, 1997

Filed: May 7, 1997

———————

Before MAGILL, BEAM, and LOKEN, Circuit Judges.

———————

LOKEN, Circuit Judge.

The Federal Election Commission ("FEC") appeals the district court's[1] decision that 11 C.F.R. § 114.10 violates the First Amendment rights of Minnesota Citizens Concerned for Life ("MCCL") as construed by this court in Day v. Holahan, 34 F.3d 1356 (8th Cir. 1994), cert. denied, 115 S. Ct. 936 (1995). Concluding that MCCL has standing to challenge the regulation and the dispute is ripe for judicial determination, we affirm.

Federal election laws bar corporate expenditures intended to influence any presidential or congressional election, unless the

---

[1]The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota.

corporation forms "a separate segregated fund to be utilized for political purposes." That fund is then regulated as a "political committee." <u>See</u> 2 U.S.C. §§ 431(4)(B), 441b(a), 441b(b)(2)(C). In <u>FEC v. Massachusetts Citizens for Life, Inc.</u>, 479 U.S. 238 (1986) ("<u>MCFL</u>"), the Supreme Court held that § 441b violates the First Amendment by prohibiting all voluntary political associations from making "independent expenditures," that is, expenditures "expressly advocating the election or defeat of a clearly identified candidate . . . made without cooperation or consultation" with any candidate, 2 U.S.C. § 431(17).

<u>MCFL</u> did not define which voluntary political associations are entitled to a First Amendment exemption from § 441b's independent expenditures prohibition. We addressed that question in <u>Day</u>, a case involving certain provisions of Minnesota's fair campaign practices law. We concluded that Minnesota's attempt to codify a narrow "nonprofit corporate exemption" to its ban on independent expenditures reflected a misreading of <u>MCFL</u> that infringed the First Amendment rights of MCCL, a non-profit Minnesota corporation with a mission similar to that of the respondent in <u>MCFL</u>.[2] We held that MCCL may not be denied the <u>MCFL</u> exemption merely because it engages in minor business activities or accepts insignificant contributions from business corporations. 34 F.3d at 1363-65.

After our decision in <u>Day</u>, the FEC promulgated 11 C.F.R. § 114.10, a regulation that attempts to codify an <u>MCFL</u> exemption to the independent expenditures prohibition in § 441b. Like the Minnesota law at issue in <u>Day</u>, the FEC's regulation narrowly defines those "qualified nonprofit corporations" that are entitled

---

[2]MCCL's stated purpose is "to educate the public through the presentation of detailed and factual information about fetal development, abortion, alternatives to abortion, infanticide, euthanasia and related issues."

to an MCFL exemption. To qualify for the exemption, an incorporated voluntary political association such as MCCL must engage in *no* "business activities," must offer *no* member incentives such as "[c]redit cards, insurance policies or savings plans," and must accept *no* donations from business corporations or unions. See § 114.10(c)(2)-(4). The FEC's public comments stated that our contrary decision in Day "is controlling law in only one circuit,[3] is contrary to the plain language used by the Supreme Court in MCFL, and therefore is of limited authority." 60 Fed. Reg. 35292, 35297 (1995).

MCCL and an interested Minnesota resident promptly commenced this action to enjoin enforcement of § 114.10 as violative of MCCL's First Amendment rights as construed in Day. The district court granted declaratory relief. Rejecting FEC's contention that MCCL lacks standing, and declining FEC's request for discovery because only the regulation's facial validity is at issue, the court held that §§ 114.10(2) and (4) are constitutionally infirm under Day because they deny the MCFL exemption to a voluntary political association that conducts minor business activities or accepts insignificant corporate donations. The court then declared the entire regulation void because the remainder of § 114.10 cannot be severed from the invalid definition of qualified nonprofit corporations in § 114.10(c).

On appeal, FEC argues that MCCL lacks standing to bring this pre-enforcement challenge to the regulation. In addition, conceding that portions of the regulation conflict with Day, FEC urges us to overrule this panel decision, an action that may only

---

[3]This is no longer true. The Second Circuit agreed with our analysis in Day in FEC v. Survival Educ. Fund, Inc., 65 F.3d 285, 292 (2d Cir. 1995).

be taken by the court *en banc*.  FEC does not challenge the district court's severability ruling.  <u>See generally</u> <u>New York v. United States</u>, 505 U.S. 144, 186 (1992).

## I.

Article III standing requires a party to show actual injury, a causal relation between that injury and the challenged conduct, and the likelihood that a favorable decision by the court will redress the alleged injury.  <u>See</u> <u>Lujan v. Defenders of the Wildlife</u>, 504 U.S. 555, 560-61 (1992).  FEC argues that MCCL lacks standing because voiding the regulation will not redress MCCL's alleged injury -- even without the regulation, FEC explains, MCCL must comply with § 441b, and on this record, particularly given the district court's denial of discovery, MCCL has not established that it is entitled to an independent expenditures exemption under <u>MCFL</u>.

When government action or inaction is challenged by a party who is a target or object of that action, as in this case, "there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it."  <u>Lujan</u> 504 U.S. at 561-62.  More particularly, when a party brings a pre-enforcement challenge to a statute that both provides for criminal penalties and abridges First Amendment rights, "a credible threat of present or future prosecution itself works an injury that is sufficient to confer standing."  <u>New Hampshire Right to Life Political Action Comm. v. Gardner</u>, 99 F.3d 8, 13 (1st Cir. 1996).  Here, the statute provides for criminal as well as civil penalties, <u>see</u> § 437g(d)(1), and the challenged regulation denies MCCL a partial exemption from that statute.  MCCL suffers Article III injury when it must either make

-4-

significant changes to its operations to obey the regulation, or risk a criminal enforcement action by disobeying the regulation.[4]

FEC counters that MCCL cannot satisfy the redressability requirement without proving that it would qualify for an exemption from § 441b under MCFL and Day. However, a party "satisfies the redressability requirement when he shows that a favorable decision will relieve a discrete injury to himself. He need not show that a favorable decision will relieve his *every* injury." Larson v. Valente, 456 U.S. 228, 243 n.15 (1982) (plurality opinion). Here, the district court redressed an injury by clarifying that MCCL may continue to make independent expenditures if it meets the less stringent exemption standard defined in Day. See Meese v. Keene, 481 U.S. 465, 476-77 (1987).

## II.

Even though MCCL has standing to challenge § 114.10, we must also consider whether its dispute with FEC is ripe for adjudication or, stated differently, whether the district court's discretionary authority to grant declaratory judgment relief was properly exercised.[5] The statutes enforced by FEC, including § 441b, create an elaborate regime of agency investigation and conciliation, reinforced by judicial penalties. See 2 U.S.C. § 437g. The ultimate question underlying this dispute -- whether MCCL's

---

[4]FEC has demonstrated its willingness to enforce § 441b against incorporated political associations such as MCCL in cases like MCFL and Faucher v. FEC, 928 F.2d 468 (1st Cir.), cert. denied, 502 U.S. 820 (1991).

[5]This limitation on judicial power goes beyond Article III standing and must be considered even if not raised by the parties. See Buckley v. Valeo, 424 U.S. 1, 114-118 (1976); Regional Rail Reorg. Act Cases, 419 U.S. 102, 138 (1974).

independent expenditures are lawful because MCCL is entitled to the MCFL exemption -- is fact intensive and is normally resolved by an FEC enforcement action. If a party such as MCCL may seek a declaratory judgment that its independent expenditures comply with the statute, that forces FEC to commit its limited enforcement resources in a manner not of the agency's choosing. For this reason (and others), courts are wary of such pre-enforcement challenges. As the Supreme Court said in Heckler v. Chaney, 470 U.S. 821, 831 (1985), "[t]his Court has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."

This principle is relevant here. FEC has announced its disagreement with our interpretation of MCFL and has promulgated a contrary regulation. The agency has enforcement options in seeking to validate its position. It can bring enforcement actions in other circuits, hoping to create a conflict with Day that the Supreme Court will resolve. Or it can seek to enforce the regulation in this circuit by asking our court *en banc* to overrule Day and then petitioning the Supreme Court for a writ of certiorari if we decline to do so. MCCL's declaratory judgment action deprives FEC of that enforcement flexibility, a constraint we should not lightly impose upon any agency.

On the other hand, the judicial reluctance to entertain pre-enforcement lawsuits that might interfere with agency enforcement discretion is far from absolute. In a line of cases beginning with Abbott Labs. v. Gardner, 387 U.S. 136 (1967), for example, the Supreme Court has held that the Administrative Procedure Act authorizes a pre-enforcement challenge to agency regulations if the issue is "fit" for prompt judicial decision and if failure to

-6-

review would cause significant hardship to the parties.  See Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 581-82 (1985); EPA v. National Crushed Stone Ass'n, 449 U.S. 64, 72 n.12 (1980). Fitness for judicial decision means, most often, that the issue is legal rather than factual.  Sufficient hardship is usually found if the regulation imposes costly, self-executing compliance burdens or if it chills protected First Amendment activity.  See Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 69-71 (1993) (O'Connor, J., concurring); Chamber of Commerce v. FEC, 69 F.3d 600, 603-04 (D.C. Cir. 1995).

In this case, we are satisfied that the pre-enforcement challenge to § 114.10 is suitably ripe.  Although the ultimate question of whether MCCL is entitled to the MCFL exemption may be fact intensive, the legal issue presented here -- whether our interpretation of MCFL in Day invalidates critical portions of the regulation -- is fit for prompt determination.  And while all the uncertainty inherent in complying with § 441b cannot be remedied by this facial challenge to FEC's new regulation, MCCL is relieved of significant hardship by knowing that its established methods of operation will be tested under Day, rather than the regulation, at least until FEC successfully overturns Day in this circuit.  That is sufficient to satisfy the hardship prong of the Abbott Labs. test when a regulation is challenged because it allegedly chills protected First Amendment activity.

We discern in FEC's defense of this lawsuit at least a tacit concession that the dispute is ripe.  First, FEC argues standing but not ripeness.  Second, although FEC pleaded no present plans to enforce 441b against MCCL, it asked for discovery in the district court, which indicates a willingness to litigate broader compliance questions at this time; moreover, FEC briefed the merits of Day at length on appeal, which indicates a willingness to test its

contrary interpretation of <u>MCFL</u> at this time in this court. Finally, FEC did not appeal the one aspect of the district court's declaratory judgment that may provide MCCL a regulatory windfall -- the court's conclusion that the solicitation disclosure requirement in § 114.10(f), though likely constitutional, is non-severable and therefore void. Evidently, FEC decided either that it did not wish to enforce this provision standing alone, or that it will repromulgate § 114.10(f) as a free-standing regulation if § 114.10(c) is held invalid.

For the foregoing reasons, we conclude that MCCL has standing to challenge 11 C.F.R. § 114.10, that the issue presented is ripe for resolution in a declaratory judgment action, and that the district court correctly held portions of the regulation invalid under <u>Day v. Holahan</u>. Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-8-