# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3051

_____

Katherine W. Metzger, Trustee     *
of The Katherine W. Metzger     *
Revocable Trust,     *
    *
       Appellant,     *
    *    Appeal from the United States
   v.     *    District Court for the
    *    District of Nebraska.
Village of Cedar Creek,     *
Nebraska; Robert Fuxa,     *
    *
       Appellees.     *

_____

Submitted: March 8, 2004
Filed: June 8, 2004

_____

Before RILEY, MCMILLIAN, and MELLOY, Circuit Judges.

_____

RILEY, Circuit Judge.

Katherine W. Metzger (Metzger) filed a complaint alleging a conspiracy by the Village of Cedar Creek, Nebraska (Cedar Creek), and Robert Fuxa (Fuxa) to construct an earthen levee along Turkey Creek. Turkey Creek divides Metzger's and Fuxa's properties. Metzger claims the levee violates federal regulations promulgated by the Federal Emergency Management Agency (FEMA) and adopted by Cedar

Creek.  The district court[1] dismissed without prejudice the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  Metzger appeals, and we affirm.

Metzger owns a 329-acre farm in Cedar Creek.  Fuxa develops land and owns approximately sixty acres adjacent to Metzger's farm.  In 1998, Fuxa constructed an earthen levee along his side of Turkey Creek, purportedly with the consent of Cedar Creek.  On July 6, 1999, Metzger demanded Fuxa remove the levee, and, on October 25, 1999, Metzger demanded Cedar Creek require Fuxa to remove the levee.  Beginning in 2000, the Nebraska Natural Resources Commission and FEMA demanded immediate removal of the levee.  Despite these demands, neither Fuxa nor Cedar Creek removed the levee.  Since August 2002, heavy rains have caused flooding on Metzger's property allegedly due to the levee's diversion of water, damaging many acres of Metzger's farmland.

Metzger filed a lawsuit against Cedar Creek and Fuxa, alleging they conspired to take her property without just compensation in violation of (1) the Fifth and Fourteenth Amendments to the United States Constitution; (2) Article I, Section 21 of the Nebraska Constitution; and (3) common law.  Cedar Creek and Fuxa moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim upon which relief can be granted, arguing Metzger's claims are not ripe under the Supreme Court's ruling in Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985).  The district court ruled Metzger's claims were not ripe under Williamson, and, thus, the district court lacked subject matter jurisdiction over the claims, because Metzger failed to allege she had pursued and exhausted her administrative remedies for just compensation under state law.  The

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

district court also found a constitutional violation had not yet occurred upon which relief can be granted. The district court dismissed Metzger's complaint without prejudice.

Metzger appeals the dismissal of her complaint, contending the district court erred in ruling it lacked jurisdiction over her claims because she failed to first avail herself of remedies provided under state law. Metzger also argues the district court erred in ruling she failed to state viable due process and equal protection claims. We review de novo a district court's dismissal based on a lack of subject matter jurisdiction, Hansen v. United States, 248 F.3d 761, 763 (8th Cir. 2001), as well as a dismissal based on a failure to state a claim upon which relief can be granted, Eckelkamp v. Beste, 315 F.3d 863, 870 (8th Cir. 2002).

Having reviewed Metzger's complaint, we conclude the district court correctly determined Williamson controls and requires Metzger to obtain a final decision by the state administrative entity charged with implementing the applicable regulations, or by the appropriate state court action, before her claims are ripe for adjudication. See Williamson, 473 U.S. at 186 (concluding a takings claim was not ripe because the claimant had not "obtained a final decision regarding the application of the zoning ordinance and subdivision regulations"). Metzger may seek compensation for a taking under several Nebraska procedures: the Political Subdivisions Tort Claims Act (Neb. Rev. Stat. §§ 13-901 through 13-926); a statutory inverse condemnation action (Neb. Rev. Stat. §§ 76-701 through 76-726); and a constitutional action for inverse condemnation (Neb. Const., art. I, § 21). Metzger does not allege otherwise.

Without Metzger pursuing one of these procedures, or some other appropriate state action, the district court could not determine whether Cedar Creek and Fuxa denied Metzger just compensation. The Supreme Court in Williamson declared, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the

procedure and been denied just compensation." <u>Williamson</u>, 473 U.S. at 195. Without a violation of the Constitution or some federal law, any conspiracy between Cedar Creek and Fuxa is not actionable.

Moreover, we reject Metzger's arguments that she pled equal protection and due process claims, thereby escaping dismissal based on <u>Williamson</u>. Metzger's argument is disingenuous; her complaint clearly did not allege equal protection and due process claims. The district court properly dismissed her complaint for failure to state claims upon which relief can be granted. <u>See</u> <u>Kottschade v. City of Rochester</u>, 319 F.3d 1038, 1042 (8th Cir. 2003) (affirming dismissal of "complaint for failure to state a claim on the ground that the case is not yet ripe under the <u>Williamson</u> line of authority"). The district court's dismissal is without prejudice to refiling once a final state decision is rendered. At oral argument, Cedar Creek conceded Metzger's constitutional claims, including those alleging equal protection and due process violations, would probably not be barred by our decision here under either a res judicata or a collateral estoppel theory. We agree.

We therefore affirm the well-reasoned opinion of the district court and its dismissal, without prejudice, of the complaint.

_____