# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3263

_____

Bill M., by and through his father and    *
natural guardian, William M., and on    *
behalf of themselves and all other    *
persons similarly situated; John Doe,    *
by and through his mother and natural    *
guardian, Jane Doe, and on behalf of    *
themselves and all other persons    *
similarly situated; Heather V., by and    *
through her mother and guardian,    *
Marcia V., and on behalf of themselves    *
and all other persons similarly situated;    *    Appeal from the United States
Jane S., by and through her mother and    *    District Court for the
natural guardian, Patricia S., and on    *    District of Nebraska.
behalf of themselves and all other    *
persons similarly situated; Kevin V.,    *
by and through his mother and legal    *
guardian, Kathy V., and on behalf of    *
all other persons similarly situated;    *
Jennifer T., by and through her parents    *
and legal guardians, Sharon and Greg    *
T., and on behalf of themselves and all    *
other persons similarly situated;    *
William M., on behalf of his son,    *
Bill M.; Jane Doe, on behalf of her son,    *
John Doe; Marcia V., on behalf of her    *
daughter, Heather V.; Patricia S., on    *
behalf of her daughter, Jane S.; Kathy    *
V., on behalf of her son, Kevin V.;    *
Sharon T., on behalf of her daughter,    *
Jennifer T.; Greg T., on behalf of his    *
daughter, Jennifer T.,    *

|                                              |     |
|----------------------------------------------|-----|
|                                              | *   |
| Plaintiffs/Appellees,                        | *   |
|                                              | *   |
| United States of America,                    | *   |
|                                              | *   |
| Intervenor on Appeal,                        | *   |
|                                              | *   |
| v.                                           | *   |
|                                              | *   |
| Nebraska Department of Health and            | *   |
| Human Services Finance and Support;          | *   |
| Nebraska Department of Health and            | *   |
| Human Services; Stephen B. Curtiss,          | *   |
| in his official capacity as the Director     | *   |
| of Nebraska Department of Health and         | *   |
| Human Services Finance and Support;          | *   |
| Ron Ross, in his official capacity as the    | *   |
| Director of Nebraska Department of           | *   |
| Health and Human Services,                   | *   |
|                                              | *   |
| Defendants/Appellants.                       | *   |

_____

Submitted:  March 16, 2005
Filed:   May 27, 2005
_____

Before WOLLMAN, HANSEN, and COLLOTON, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

The Nebraska Department of Health and Human Services and the Nebraska Department of Health and Human Services Finance and Support (collectively, Nebraska) appeal from the district court's denial of their motion to dismiss based on Eleventh Amendment sovereign immunity.  We reverse.

**I.**

Bill M. and six other developmentally disabled adults (Plaintiffs) sued Nebraska and various Nebraska officials in their official capacities, alleging violations of Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12131 *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and other federal and state law provisions. Plaintiffs asserted that they are each "eligible for, desire, have applied for or have attempted to apply for and have been denied home and community-based Medicaid-funded services." Compl. at 2. They alleged that Nebraska's withholding of funding to these services has left them without adequate services to meet their needs and placed them "at imminent risk of unnecessary institutionalization." Id. Nebraska and the officials moved to dismiss on various grounds. The district court denied the motion.

This interlocutory appeal is limited to one aspect of the dismissal motion: Nebraska's contention that Eleventh Amendment immunity precludes the district court from having subject matter jurisdiction over the Title II claim. Plaintiffs contend that Title II and related statutory provisions ostensibly abrogate Eleventh Amendment immunity with respect to a Title II claim. Nebraska argues, in response, that the extension of Title II to the states is unconstitutional under our circuit's precedent. The United States has intervened to defend the statutory abrogation.

**II.**

Although we have jurisdiction over an interlocutory appeal of an order denying Eleventh Amendment immunity under the collateral order doctrine, Maitland v. University of Minnesota, 260 F.3d 959, 962 (8th Cir. 2001), we must also consider the issue of standing.[1] Article III standing requires a party to show actual injury, a causal relation between that injury and the challenged conduct, and the likelihood that

---

[1]Although we raised the question of standing *sua sponte* during oral argument, it is elementary that standing relates to the justiciability of a case and cannot be waived by the parties. See Sierra Club v. Robertson, 28 F.3d 753, 757 n.4 (8th Cir. 1994).

a favorable decision by the court will redress the alleged injury. <u>Minnesota Citizens Concerned for Life v. Federal Election Comm'n</u>, 113 F.3d 129, 131 (8th Cir. 1997) (citing <u>Lujan v. Defenders of the Wildlife</u>, 504 U.S. 555, 560-61 (1992)). Plaintiffs allege in their Title II claim (their first claim for relief) that Nebraska's failure to provide adequate funding "places [Plaintiffs] *at risk of* institutionalization." Compl. at 28 ¶ 117 (emphasis added). The mere risk that Plaintiffs may be institutionalized due to the lack of adequate funding does not constitute an actual or imminent harm sufficient to satisfy the first element of standing.[2]

Plaintiffs also allege, however, in portions of their complaint incorporated by reference into the first claim for relief, <u>see</u> <u>id.</u> at 27 ¶ 111, that they have suffered actual harm from Nebraska's refusal to fund home and community-based Medicaid-funded services. <u>See</u> <u>id.</u> at 15-16 ¶ 51 (lack of funding precludes necessary residential services in a community setting for Bill M.); <u>id.</u> at 17 ¶¶ 55-56 (same for John Doe); <u>id.</u> at 19-20 ¶ 69 (Heather V.'s required services are underfunded, which jeopardizes her health and safety); <u>id.</u> at 22 ¶ 83 (Jane S. is unable to move to a work setting more suited to her needs due to the denial of additional funding); <u>id.</u> at 23 ¶¶ 90-91 (Kevin V.'s services are not adequately funded to protect his health and safety); <u>id.</u> at 24 ¶¶ 97-98 (same for Jennifer T.); <u>id.</u> at 26 ¶¶ 107-08, 110 (same for Marcus J.). We accept as true all of the complaint's material allegations and construe the complaint in favor of the complaining party for purposes of deciding the question of standing. <u>See</u> <u>Shain v. Veneman</u>, 376 F.3d 815, 817 (8th Cir. 2004). We conclude that Plaintiffs have alleged concrete and particularized harm sufficient to satisfy the first element of standing. Plaintiffs also meet the other standing requirements that the

---

[2]The complaint alleges that the denial of funding to one of the Plaintiffs, Marcus J., has forced him "to remain in a more restrictive institutional setting, i.e., a nursing home, in order to receive the services he needs." Compl. at 26 ¶ 109. Because Plaintiffs' counsel informed us at oral argument that Marcus J. is no longer in a nursing home, we need not address the issue of whether the limitation of services to the "more restrictive institutional setting" of a nursing home would constitute actionable harm sufficient to provide Marcus J. with standing.

alleged harm be traceable to the defendant's challenged action and redressable by the court's favorable decision. See Minnesota Citizens, 113 F.3d at 131 ("When government action or inaction is challenged by a party who is a target or object of that action . . . 'there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it.'") (quoting Lujan, 504 U.S. at 561-62)).

### III.

We review *de novo* a decision to deny or grant a motion to dismiss for lack of subject matter jurisdiction. Metzger v. Village of Cedar Creek, Neb., 370 F.3d 822, 823 (8th Cir. 2004). We held in Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc), that "the extension of Title II of the ADA to the states was not a proper exercise of Congress's power under Section 5 of the Fourteenth Amendment." Accordingly, Alsbrook is dispositive here unless it has been superseded.

Plaintiffs and the United States argue that Alsbrook has been superseded by Tennessee v. Lane, 124 S. Ct. 1978 (2004). The plaintiffs in Lane were paraplegics who used wheelchairs for mobility. They alleged that the lack of reasonable access to state and county courthouses constituted a Title II violation. Tennessee moved to dismiss based on Eleventh Amendment immunity, and the plaintiffs argued that Congress had abrogated Eleventh Amendment immunity under Title II. The Supreme Court held that "Title II, *as it applies to the class of cases implicating the fundamental right of access to the courts*, constitutes a valid exercise of Congress' § 5 authority to enforce the guarantees of the Fourteenth Amendment." Id. at 1994 (emphasis added). The Court thus carefully limited its holding to a particularized class of cases. See id. at 1993 ("Because we find that Title II unquestionably is valid § 5 legislation as it applies to the class of cases implicating the accessibility of judicial services, *we need go no further*.") (emphasis added). Several of our sister circuits have interpreted Lane accordingly. See Cochran v. Pinchak, 401 F.3d 184

(3d Cir. 2005) (refusing to extend <u>Lane</u> to Title II claims by disabled prison inmates); <u>Miller v. King</u>, 384 F.3d 1248 (11th Cir. 2004) (same). <u>See</u> also <u>Pace v. Bogalusa City School Bd.</u>, 403 F.3d 272, 303 (5th Cir. 2005) (en banc) (Jones, J., concurring in part and dissenting in part) (concluding, as to issue not reached by majority, that Fifth Circuit's prior precedent "remains valid in holding that ADA Title II, apart from the <u>Lane</u> scenario, does not validly abrogate States' Eleventh Amendment immunity"). We conclude that <u>Alsbrook</u> has been modified by <u>Lane</u> to the extent that a discrete application of Title II abrogation—related to claims of denial of access to the courts—has been deemed by the Court to constitute a proper exercise of Congress' power. Other applications of Title II abrogation, like the one at issue here, continue to be governed by <u>Alsbrook</u>.[3]

## IV.

Plaintiffs and the United States argue that even if Nebraska were to prevail on its interlocutory appeal, Nebraska would still have to defend the "essentially identical" claim that Plaintiffs bring under Section 504 of the Rehabilitation Act,[4] as well as the ADA claims brought against the Nebraska officials. Because the Eleventh Amendment provides Nebraska constitutional immunity from suit, the existence of parallel claims is immaterial.[5]

---

[3]Although <u>Lane</u> may well presage the eventual rejection of <u>Alsbrook</u>'s rationale, the Supreme Court's carefully cabined holding counsels against a conclusion that <u>Lane</u> supersedes <u>Alsbrook</u>. Such a determination would have to come from the Supreme Court or from an *en banc* decision of our court.

[4]We held in <u>Doe v. Nebraska,</u> 345 F.3d 593, 599 (8th Cir. 2003), that Nebraska's receipt of federal funds effected a knowing waiver of its sovereign immunity to actions brought under Section 504.

[5]The United States' argument that we should direct the district court to hold in abeyance the Eleventh Amendment issue until after the Section 504 claim has been resolved fails for the same reason.

The denial of Nebraska's motion to dismiss based on sovereign immunity with respect to Plaintiffs' Title II claim is reversed, and the case is remanded to the district court with direction to dismiss the Title II claim against Nebraska.

COLLOTON, Circuit Judge, concurring in the judgment.

I agree that Bill M., John Doe, Jane S., and Marcus J. have Article III standing based on their allegations of injury resulting from the State's refusal to provide community-based funding under Medicaid to which they claim entitlement. I also agree that although *Tennessee v. Lane*, 124 S. Ct. 1978 (2004), undermined some of the reasoning of *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc), our court's en banc precedent still governs this case, which involves only a claim for additional funding of community-based services and implicates no fundamental constitutional right. Accordingly, I concur in the judgment.

_____