# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-3674

_____

Young America Corporation,                     *
a Minnesota Corporation,                       *
                                               *
            Appellant,                         *
                                               *
      v.                                       *
                                               *
Affiliated Computer Services (ACS),            *
Inc., a Nevada corporation, in its             *
capacity as agent for the States of            *
Alabama, Alaska, Arizona, Arkansas,            *    Appeal from the United States
California, Colorado, Connecticut,             *    District Court for the
Delaware, Florida, Georgia, Hawaii,            *    District of Minnesota.
Idaho, Illinois, Indiana, Iowa, Kansas,        *
Maine, Maryland, Massachusetts,                *
Michigan, Mississippi, Montana,                *
Nebraska, Nevada, New Hampshire,               *
New Jersey, New Mexico, North                  *
Carolina, Oklahoma, Oregon, Rhode              *
Island, South Carolina, South Dakota,          *
Tennessee, Utah, Vermont, Virginia,            *
Washington, West Virginia, Wisconsin,          *
and Wyoming (the "States"); David              *
Epstein, in his capacity as agent for the      *
States,                                        *
                                               *
            Appellees.                         *

_____

Submitted: June 23, 2005
Filed: September 29, 2005

_____

Before RILEY, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

_____

RILEY, Circuit Judge.

Young America Corporation (Young America) brought this action against Affiliated Computer Services, Inc. (ACS) and David Epstein (Epstein), an individual affiliated with ACS, seeking declaratory and injunctive relief to prevent ACS from auditing Young America's business records. The district court[1] dismissed the action for lack of subject matter jurisdiction. Young America appeals, and we affirm.

I.      BACKGROUND

Young America is engaged in the rebate "fulfillment" business. Young America processes rebates offered by sellers of consumer goods and mails rebate checks to qualifying consumers. When consumers fail to cash the rebate checks, an accumulation of unclaimed property results.

Forty-one states have authorized ACS to audit Young America's records. The purpose of the audit is to determine whether Young America is complying with the states' unclaimed property laws and whether Young America is holding unclaimed property over which the states claim rights.[2]

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

[2]The majority of states have adopted variations of the Uniform Disposition of Unclaimed Property Act, which provides unclaimed property is subject to escheat by the state. See Uniform Disposition of Unclaimed Property Act § 4 (1995).

Each of the forty-one states sent Young America a letter advising each state had authorized ACS to perform an audit. Six of these states also advised Young America that state law provides for assessments, including interest, penalties, fines, and examination costs, for failing to perform certain duties under the statute, or for failing to report or deliver property within the prescribed time.

Young America refused to submit to an audit and filed this action against ACS and Epstein, seeking declaratory and injunctive relief. In its second amended complaint (complaint), Young America alleges the proposed audit violates the Commerce Clause and the Due Process Clause of the Fourteenth Amendment (Count I); the audit is an unreasonable search and seizure, in violation of the Fourth and Fourteenth Amendments (Count II); and Young America is not a "holder" of unclaimed property, and therefore is not subject to an audit (Count III).

ACS and Epstein moved to dismiss the complaint, arguing the district court lacked (1) subject matter jurisdiction because Young America failed to allege standing sufficiently, and (2) personal jurisdiction over Epstein.[3] The district court referred the motion to dismiss to the magistrate judge,[4] who recommended granting the motion.

Overruling Young America's objections to the magistrate judge's report and recommendation, the district court adopted the magistrate judge's recommendation and granted ACS's motion to dismiss. Because the district court dismissed Young

---

[3]Alternatively, ACS and Epstein argued Young America failed to state a claim. The district court did not address whether Young America failed to state a claim, concluding such argument was moot. Given our affirmance of the district court's dismissal for lack of subject matter jurisdiction, we express no opinion regarding whether Young America failed to state a claim.

[4]The Honorable Susan Richard Nelson, United States Magistrate Judge for the District of Minnesota.

-3-

America's complaint for lack of subject matter jurisdiction, it did not address the issue of personal jurisdiction over Epstein. The district court also denied Young America's request for leave to file a third amended complaint, in which Young America would have included allegations the audit demands caused injury to Young America by casting a "pall" on its business. Young America appeals the dismissal of its case, contending it sufficiently alleged standing.

## II.  DISCUSSION

"[I]f a plaintiff lacks standing, the district court has no subject matter jurisdiction." Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir. 2002). To show standing under Article III of the U.S. Constitution, a plaintiff must demonstrate (1) injury in fact, (2) a causal connection between that injury and the challenged conduct, and (3) the likelihood that a favorable decision by the court will redress the alleged injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements." Id. at 561. This court reviews de novo a district court's decision to grant a motion to dismiss for lack of subject matter jurisdiction. Metzger v. Village of Cedar Creek, Neb., 370 F.3d 822, 823 (8th Cir. 2004).

### A.  Injury

The district court concluded Young America failed to allege an imminent injury sufficiently, because (1) the state statutes do not authorize penalties if Young America refuses to submit to an audit, (2) ACS has not threatened to penalize Young America for refusing to submit to an audit, and (3) ACS does not have the authority to enforce the state statutes. The district court also noted Young America failed to make minimum factual allegations of injury as to how the audit demand constitutes an actual or imminent injury.

For purposes of standing, a plaintiff's injury must consist of "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or

imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560 (internal citations and quotations omitted). A complaint need not make a large number of allegations relating to the injury suffered: "general factual allegations of injury resulting from the defendant's conduct may suffice" to establish standing. Id. at 561. If the plaintiff offers no factual allegations, specific or general, demonstrating an injury in fact, the court should dismiss the claim. See Burton v. Cent. Interstate Low-Level Radioactive Waste Compact Comm'n, 23 F.3d 208, 209 (8th Cir. 1994) (holding the plaintiffs failed to allege injury, for purposes of standing, where the plaintiffs did not explain how the challenged tax affected the plaintiffs' rights).

In assessing whether the plaintiff has alleged a sufficiently particularized and concrete injury, the court must accept all factual allegations in the complaint as true and draw all inferences in the plaintiff's favor. Lujan, 504 U.S. at 561 (stating "[a]t the pleading stage . . . on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim") (internal punctuation and quotation omitted); Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (holding in a facial challenge to jurisdiction, the court presumes all of the factual allegations concerning jurisdiction to be true and will grant the motion only if the plaintiff fails to allege an element necessary for subject matter jurisdiction).

Young America contends its alleged injury is not hypothetical because the audit demand letters attached to the complaint threaten to enforce ACS's examination demand. The letters simply authorize an audit. They do not threaten enforcement action if Young America refuses to submit to an audit. Even if the letters threatened enforcement action, Young America's complaint contains no allegation ACS itself has attempted or intends to attempt to seek enforcement of its audit demand. ACS has

-5-

neither issued any subpoenas to compel the production of records nor sought judicial enforcement of its audit demand.[5]

Young America also has failed to demonstrate ACS has the authority to bring an enforcement suit on behalf of the states. Young America contends "[i]t is only fair for Young America to assume . . . enforcement powers were . . . delegated [to ACS]." The letters authorizing ACS to act on behalf of the states clearly limit ACS's authority merely to conducting an audit. The letters do not authorize ACS to litigate on the states' behalf. Without any indication ACS has the authority to force Young America to submit to an audit, Young America's alleged threat of enforcement is insufficient to establish an injury in fact.

On appeal, Young America alleges the audit demands have "cast a pall on Young America's relationships with its customers." Young America concedes its complaint did not set forth this alleged injury. Apparently recognizing this deficiency in the complaint, Young America sought to file a third amended complaint, which would have included the allegation the audit demands themselves caused injury to Young America by casting a "pall" on its business. Young America's second amended complaint failed to state this claim, or even make general factual allegations of imminent injury. Therefore, the district court correctly dismissed this action for lack of subject matter jurisdiction.

In sum, we conclude Young America failed sufficiently to allege the first element of standing, i.e., an injury in fact. Therefore, this court may affirm the district court on that basis, and we need not reach the other two standing requirements. See Delorme v. United States, 354 F.3d 810, 816 (8th Cir. 2004) (stating "[b]ecause [the plaintiff] has not shown an injury in fact, we need not discuss

---

[5]Nothing in our holding forecloses Young America's ability to challenge the audits, if and when the states initiate action to enforce their audit demand.

-6-

the other <u>Lujan</u> standing requirements of causation or redressability"). Nevertheless, we conclude Young America has failed to establish causation and redressability.

## B.    Causation

The district court correctly held Young America failed to establish causation. As explained above, the audit demand letters do not threaten suit if Young America refuses to submit to an audit, and even if the states can penalize Young America for failing to submit to an audit, Young America failed to allege ACS has the authority to litigate on the states' behalf.

## C.    Redressability

Finally, the district court held Young America failed to establish redressability, because it is "at best speculative" whether a judgment against ACS would control the states' ability to enforce their unclaimed property statutes. Without citing any authority, Young America contends the states would be bound by the determination of the issues litigated in this action, because ACS is their authorized agent.

To establish redressability, "it must be more than merely speculative that the relief requested would have any effect to redress the harm to the plaintiff." <u>Hall v. LHACO, Inc.</u>, 140 F.3d 1190, 1196 (8th Cir. 1998). We agree with the district court's conclusion that it is speculative, at best, whether a judgment in this case would bind the states, because there is no indication ACS has authority to represent and bind the states in this action. <u>See</u> <u>Headley v. Bacon</u>, 828 F.2d 1272, 1277 (8th Cir. 1987) (stating "[t]he crucial point is whether or not in the earlier litigation the representative of the [third party] had authority to represent its interests in a final adjudication of the issue in controversy") (quotation omitted).

## III.    CONCLUSION

We affirm the district court's dismissal of this action for lack of subject matter jurisdiction.

_____