# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3221

_____

| | |
|---|---|
| Rashard Zanders; Lydia Howell; Jill M. Waite; Communities United Against Police Brutality, an association, in behalf of its members; Michelle Gross; Darryl Robinson; Malcolm Labon; Trisha Farkarlun, | * * * * * * * |
| Plaintiffs-Appellants, | * |
| v. | * Appeal from the United States * District Court for the * District of Minnesota. |
| Lori Swanson, in her official capacity as Attorney General of the State of Minnesota; Susan Segal in her official capacity as Minneapolis City Attorney, | * * * * * |
| Defendants-Appellees, | * * |
| Michael O. Freeman, in his official capacity as Hennepin County Attorney, | * * * |
| Defendant. | * |

_____

Submitted: June 10, 2009
Filed: July 20, 2009

_____

Before COLLOTON, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

The district court[1] dismissed Plaintiffs' pre-enforcement challenge to Minnesota state criminal statute section 609.505 based upon lack of standing and, in the case of Trisha Farkarlun, an application of the Younger[2] abstention doctrine. Plaintiffs appeal and we affirm.

## I.      BACKGROUND

Plaintiffs are comprised of various individuals and groups, all of whom allege a fear of prosecution under Minnesota statute section 609.505, which makes it a crime to knowingly make a false report of police misconduct. Plaintiffs are the Communities United Against Police Brutality; one of the founders of that organization, who is frequently contacted by the media for comment on issues concerning allegations of police misconduct; two independent journalists who have written and intend to write articles about civilian allegations of police misconduct; an attorney who litigates cases that involve police misconduct; and three persons who assert that they have been victims of misconduct by Minneapolis police officers, and one of whom that has been charged under section 609.505.

Specifically, section 609.505, subdivision 2 provides:

**Reporting police misconduct.** (a) Whoever informs, or causes information to be communicated to, a peace officer, whose responsibilities include investigating or reporting police misconduct, that a peace officer, as defined in section 626.84, subdivision 1, paragraph (c), has committed an act of police misconduct, knowing that the information is false, is guilty of a crime and may be sentenced as follows:

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

[2]Younger v. Harris, 401 U.S. 37 (1971).

(1) up to the maximum provided for a misdemeanor if the false information does not allege a criminal act; or

(2) up to the maximum provided for a gross misdemeanor if the false information alleges a criminal act.

Before the district court, Plaintiffs did not allege that they intend to make knowingly false reports of police misconduct. Nor did Plaintiffs allege or submit evidence that any of the defendants charge and prosecute persons under section 609.505, subdivision 2, for making truthful reports (or not knowingly false reports) of police misconduct. Plaintiffs claimed that potential prosecutions under this Minnesota statute deprive them of their First Amendment, due process, and equal protection rights, in violation of 42 U.S.C. § 1983. Basically, these plaintiffs allege that Minnesota police are corrupt and will fabricate charges of knowingly making false reports of police misconduct in retaliation for making any complaints against police–that the statute, as written, is "too subject to abuse by police." They claim that truthful complaints will be punished by criminal actions, thus "chilling" legitimate reports of police misconduct.

The district court described Plaintiffs' fear as not only "speculative," but "a house of cards that cannot withstand scrutiny." At bottom, the court held Plaintiffs did not allege an intent to engage in the expression prohibited by the statute–that is, knowingly making false reports of police misconduct. Further, the court held there was no evidence that the statute is being enforced against people who are not making knowingly false allegations of police misconduct. As to Plaintiff Farkarlun, the court held that she did have standing to pursue her claim because she was criminally charged under the statute and a favorable decision would certainly redress her injury. But, the court abstained from hearing her claim pursuant to Younger v. Harris, 401 U.S. 37 (1971).

-3-

## II. DISCUSSION

The district court's dismissal of Plaintiffs' claims for lack of standing is reviewed de novo. Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008). Its application of the Younger abstention doctrine to Farkarlun's claim is reviewed for abuse of discretion. Norwood v. Dickey, 409 F.3d 901, 903 (8th Cir. 2005).

### A. Standing

We must first address whether Plaintiffs have alleged a case or controversy within the meaning of Article III of the Constitution or whether they assert only abstract questions not currently justiciable by a federal court. Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 297 (1979).

> "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). "The limitations imposed by Article III are usually referred to as the 'case or controversy' requirement." Schanou v. Lancaster County Sch. Dist. No. 160, 62 F.3d 1040, 1042 (8th Cir. 1995) (quoting Arkansas AFL-CIO v. FCC, 11 F.3d 1430, 1435 (8th Cir. 1993) (en banc)); see also Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982) ("Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'"). This court defines "case or controversy" to require "a definite and concrete controversy involving adverse legal interests at every stage in the litigation." McFarlin v. Newport Special Sch. Dist., 980 F.2d 1208, 1210 (8th Cir. 1992). "Federal courts must always satisfy themselves that this requirement has been met before reaching the merits of a case. Courts employ a number of doctrines to determine justiciability such as standing, ripeness, and mootness." Schanou, 62 F.3d at 1042.

Gray v. City of Valley Park, 567 F.3d 976, 982-83 (8th Cir. 2009).

-4-

"The difference between an abstract question and a 'case or controversy' is one of degree, of course, and is not discernible by any precise test." Babbitt, 442 U.S. at 297. "The basic inquiry is whether the conflicting contentions of the parties present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." Id. at 298 (internal quotation omitted).

Specifically, in the First Amendment context, even though Plaintiffs are not required to await and undergo a criminal prosecution, they must face a credible threat of present or future prosecution under the statute for a claimed chilling effect to confer standing to challenge the constitutionality of a statute that both provides for criminal penalties and abridges First Amendment rights. Id.; Minn. Citizens Concerned for Life v. FEC, 113 F.3d 129, 131 (8th Cir. 1997). We acknowledge that in this context the "chilling effect alone may constitute injury." St. Paul Area Chamber of Commerce v. Gaertner, 439 F.3d 481, 487 (8th Cir. 2006). Yet, the "chilling" effect of exercising a First Amendment right must be objectively reasonable. Republican Party of Minn. v. Klobuchar, 381 F.3d 785, 792 (8th Cir. 2004). "[A] plaintiff 'suffers Article III injury when [he or she] must either make significant changes . . . to obey the regulation, or risk a criminal enforcement action by disobeying the regulation.'" Gaertner, 439 F.3d at 487 (quoting Minn. Citizens, 131 F.3d at 131). Here, however, Plaintiffs (with the exception of Farkarlun) do not face a credible threat of prosecution–the "risk" they face is too speculative.

Plaintiffs argue that under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the district court failed to take Plaintiffs' allegations as true and rather "substituted [its] viewpoint" in determining that their belief regarding potential prosecution was nothing more than pure speculation and conjecture. This argument misses the mark. Even *when* we fully credit Plaintiffs' subjective and sincere belief that they could be criminally charged under this statute, their subjective belief is not

enough to confer standing. The gravamen of Plaintiffs' claims on appeal is whether Plaintiffs satisfy the injury-in-fact requirement for constitutional standing–that is, have they asserted facts that affirmatively and plausibly suggest that they are indeed subject to a credible threat of prosecution under the statute for engaging in the conduct for which they invoke constitutional protection. Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007); see also Klobuchar, 381 F.3d at 792-93 (affirming a dismissal of claims under a First Amendment facial overbreadth challenge for lack of standing because there was no credible threat of prosecution for the conduct for which the parties invoked constitutional protection–indeed, the conduct was not even proscribed by the challenged statute). We agree with the district court that Plaintiffs fail to meet their Article III burden.

It is worth repeating that the speech Plaintiffs claim is chilled by the statute–the right to make truthful (or not knowingly false) claims of police misconduct–is not the target of the statute's prohibition, which criminalizes the reporting of police misconduct knowing that the information is false. Herein lies the problem, really. In the normal course, the behavior allegedly chilled is the target or object of the challenged statute's prohibitions and "there is ordinarily little question that the [statute] has caused . . . injury." Minn. Citizens, 113 F.3d at 131 (quotation omitted). Despite this difference, Plaintiffs assert that their sincere fear suffices to prove an unconstitutional chilling effect. Plaintiffs claim that they have thoroughly described why they are concerned about criminal prosecution, why the statute *could* be easily manipulated, and the *possible* motives police may have to misuse the state criminal justice system to try to protect themselves and their "buddies" from civil or criminal prosecution. Even so, they fail in the key respect of asserting that peace officers *in fact* initiate retaliatory prosecution in instances where the peace officers believe that the allegations are truthful, or at least not knowingly false. It is too speculative for standing purposes to allege that this statute *could* be manipulated or that the police *might* misuse the criminal justice system for retaliatory purposes. While general factual allegations of injury might suffice to establish standing in some instances,

general allegations of *possible* or *potential* injury do not. <u>Stalley</u>, 509 F.3d at 521. Plaintiffs have thus not "nudged their claims across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570.[3]

Additionally, the inclusion of Farkarlun does not help because while Plaintiffs assert that Farkarlun's claim of police misconduct (rape) was truthful and she was nevertheless prosecuted under the statute, thus affirming the plausibility of the fear alleged by all other Plaintiffs, they once again fail to include any allegation that the peace officer that received Farkarlun's complaint believed it to be true (or not knowingly false) but nonetheless insisted that charges be filed or otherwise initiated prosecution.[4]

---

[3]Although not fully addressed by the district court, Plaintiffs similarly lack standing to pursue their equal protection and due process (void for vagueness) claims because they have not alleged an injury-in-fact for purposes of Article III. To satisfy Article III's standing requirement, (1) there must be "injury in fact" or the threat of "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to defendant's challenged action; and (3) it must be likely (as opposed to merely speculative) that a favorable judicial decision will prevent or redress the injury. <u>Summers v. Earth Island Inst.</u>, 129 S. Ct. 1142, 1149 (2009). As we have established, Plaintiffs' claims here are too conjectural or hypothetical to support the exercise of our jurisdiction.

[4]This leads us to comment on the fact that it is not the police themselves that necessarily "prosecute" under this statute. Defendants accurately point out that an officer's complaint charging such a "knowing" violation must be signed under oath, and requires approval of the prosecuting attorney and a judicial finding of probable cause. <u>See</u> Minn. R. Crim. P. 2.01-2.02. Accordingly, as to the individuals responsible for exercising prosecutorial discretion and providing approval in these instances, Plaintiffs must assert that they, too, believe allegations to be true (or at least not knowingly false), yet nonetheless initiate prosecution.

**B.** **<u>Younger</u> Abstention**

Plaintiffs also appeal the district court's abstention under the <u>Younger</u> doctrine. The district court analyzed the factors supporting abstention under <u>Younger v. Harris</u> and found each satisfied. The court therefore abstained from hearing Farkarlun's claim. We agree these factors are met in this case, find no showing of bad faith or other extraordinary circumstances, and for the reasons stated by the district court, affirm the district court's analysis of those factors. <u>See</u> 8th Cir. R. 47B.

**III.** **CONCLUSION**

For the reasons stated herein, we affirm.

_____