IOWA RIGHT TO LIFE COMMITTEE, INC., Plaintiff,

v.

Megan TOOKER, in her official capacity as Iowa Ethics and Campaign Disclosure Board Executive Director; James Albert, John Walsh, Patricia Harper, Gerald Sullivan, Saima Zafar, and Carole Tillotson, in their official capacities as Iowa Ethics and Campaign Disclosure Board Members, Defendants.

No. 4:10–cv–416 RP–TJS.

United States District Court, S.D. Iowa, Central Division.

Feb. 7, 2012.

Meghan L. Gavin, Jeffrey S. Thompson, Attorney General of Iowa, Des Moines, IA, for Defendants.

James Bopp, Jr., Kaylan L. Phillips, Richard E. Coleson, Jared Haynie, Joseph E. La Rue, Bopp Coleson & Bostrom, Terre Haute, IN, Adam C. Gregg, Sean P. Moore, Brian P. Rickert, Brown Winick Graves Gross, Baskerville & Schoenebaum PLC, Des Moines, IA, for Plaintiff.

## MEMORANDUM OPINION AND ORDER

ROBERT W. PRATT, District Judge.

Currently before the Court are portions of two pending motions for summary judgment. The first motion was filed by Iowa Right to Life Committee, Inc. ("IRTL") on January 14, 2011. Clerk's No. 44. The above-captioned government officials (collectively, "Defendants") filed a response on February 4, 2011. Clerk's No. 47. IRTL filed a reply on February 11, 2011. Clerk's No. 50. The second motion was filed by Defendants on January 14, 2011. Clerk's No. 45. IRTL filed a response on February 4, 2011. Clerk's No. 48. Defendants filed a reply on February 11, 2011. Clerk's No. 49. The matters are fully submitted.

## I. FACTUAL & PROCEDURAL BACKGROUND

The Court ruled, in part, on the instant motions on June 29, 2011.[1] 795 F.Supp.2d 852 (S.D.Iowa 2011). However, the Court reserved ruling on the portions of those motions relating to Count One of IRTL's complaint until the Iowa Supreme Court ruled on—or declined to answer—the statutory-interpretation questions certified in Section III(A) of that order. *Id.* at 873–74. On December 30, 2011, the Iowa Supreme Court issued an opinion answering the certified questions. *See Iowa Right to Life Comm. v. Tooker,* 808 N.W.2d 417 (Iowa 2011). On February 7, 2012, the Court received a certified copy of that decision from the Iowa Supreme Court. *See* Clerk's No. 58.

## II. STANDARD FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Summary judgment can be entered against a party if that party fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is appropriately granted when the record, viewed in the light most favorable to the nonmoving party and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact, and that the moving party is therefore entitled to judgment as a matter of law. *Harlston v. McDonnell Douglas Corp.,* 37 F.3d 379, 382 (8th Cir.

1994). The Court does not weigh the evidence, nor does it make credibility determinations. The Court only determines whether there are any disputed issues and, if so, whether those issues are both genuine and material. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Wilson v. Myers,* 823 F.2d 253, 256 (8th Cir.1987) ("Summary judgment is not designed to weed out dubious claims, but to eliminate those claims with no basis in material fact.") (citing *Weight Watchers of Quebec, Ltd. v. Weight Watchers Int'l, Inc.,* 398 F.Supp. 1047, 1055 (E.D.N.Y.1975)).

In a summary judgment motion, the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any. *See Celotex,* 477 U.S. at 323, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. If the moving party has carried its burden, the nonmoving party must then go beyond its original pleadings and designate specific facts showing that there remains a genuine issue of material fact that needs to be resolved by a trial. *See Commercial Union Ins. Co. v. Schmidt,* 967 F.2d 270, 271 (8th Cir.1992); *see also* Fed.R.Civ.P. 56(c). This additional showing can be by affidavits, depositions, answers to interrogatories, or the admissions on file. *See Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 257, 106 S.Ct. 2505. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat a motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505. An issue is "genuine" if the

---

1. The Court assumes the reader's familiarity with that order and will not repeat the facts or analysis recited therein.

evidence is sufficient to persuade a reasonable jury to return a verdict for the non-moving party. *See id.* at 248, 106 S.Ct. 2505. "As to materiality, the substantive law will identify which facts are material.... Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

## III. LAW AND ANALYSIS

In Count One, IRTL challenges Iowa Code §§ 68A.102(18) and 68A.402(9). Compl. ¶ 23. IRTL argues that these provisions "unconstitutionally impose[ ] political-committee ('PAC') status on groups whose major purpose is not the nomination or election of candidates." [2] Pl.'s Br. in Supp. of Mot. for Summ. J. (hereinafter "Pl.'s Br.") at 3 (Clerk's No. 44–1).

The first challenged provision defines "political committee" as follows:

a. A committee, but not a candidate's committee, that accepts contributions in excess of seven hundred fifty dollars in the aggregate, makes expenditures in excess of seven hundred fifty dollars in the aggregate, or incurs indebtedness in excess of seven hundred fifty dollars in the aggregate in any one calendar year to expressly advocate the nomination, election, or defeat of a candidate for public office, or to expressly advocate the passage or defeat of a ballot issue.

b. An association, lodge, society, cooperative, union, fraternity, sorority, educational institution, civic organization, labor organization, religious organization, or professional organization that accepts contributions in excess of seven hundred fifty dollars in the aggregate, makes expenditures in excess of seven hundred fifty dollars in the aggregate, or incurs indebtedness in excess of seven hundred fifty dollars in the aggregate in any one calendar year to expressly advocate the nomination, election, or defeat of a candidate for public office, or to expressly advocate the passage or defeat of a ballot issue.

c. A person, other than an individual, that accepts contributions in excess of seven hundred fifty dollars in the aggregate, makes expenditures in excess of seven hundred fifty dollars in the aggregate, or incurs indebtedness in excess of seven hundred fifty dollars in the aggregate in any one calendar year to expressly advocate that an individual should or should not seek election to a public office prior to the individual becoming a candidate as defined in subsection 4.

Iowa Code § 68A.102(18). The term "'[c]ommittee' includes a political committee and a candidate's committee." *Id.* § 68A.102(8). These definitions apply to Iowa's campaign finance laws "unless the context otherwise requires." *Id.* § 68A.102. The second challenged provision provides:

A permanent organization temporarily engaging in activity described in section 68A.102, subsection 18, shall organize a political committee and shall keep the funds relating to that political activity segregated from its operating funds. The political committee shall file reports on the appropriate due dates as required by this section. The reports filed under this subsection shall identify the source of the original funds used for a contribution made to a candidate or a committee organized under this chapter. When the permanent organization ceases to be involved in the political activity, the permanent organization shall dissolve the political committee. As used in this subsection, "permanent organization" means an organization that is continuing, stable, and enduring, and was origi-

---

**2.** IRTL does not allege that this provision is facially invalid; rather, it alleges that it is unconstitutional as applied to IRTL and similar groups. *See* Compl. ¶ 28.

nally organized for purposes other than engaging in election activities.

*Id.* § 68A.402(9).

Essentially, IRTL argues that if it makes an independent expenditure, it will be defined by statute—and thus open to potential regulation—as both a political committee and a permanent organization.[3] *E.g.,* Compl. ¶ 18; *see also* 795 F.Supp.2d at 860 ("IRTL's arguments regarding Count One are all premised upon IRTL's assertion that if it makes its intended independent expenditures, it 'will be defined by statute as a political committee under Iowa law.'" (footnote omitted) (quoting Compl. ¶ 18)). Defendants argue that if IRTL makes an independent expenditure, it will be regulated as an independent expenditure committee,[4] not a political committee or permanent organization. *See* Defs.' Br. in Supp. of Mot. for Summ. J. (hereinafter "Defs.' Br.") at 7 (Clerk's No. 45–1) (arguing that the challenged provisions "do not impose PAC status on IRTL for making an independent expenditure"); *see also* Defs.' Resp. to Pl.'s Mot. for Prelim. Inj. (hereinafter "Defs.' PI Br.") at 5–6 (Clerk's No. 20).

Due to ambiguities regarding the interplay of certain provisions of the Iowa Code, the Court certified two questions to the Iowa Supreme Court, specifically:

1) If a corporation that has not previously registered as a political committee makes independent expenditures aggregating over $750 in a calendar year, does that corporation become, by virtue of such expenditures: (1) an "independent expenditure committee," as that term is defined in Iowa Admin. Code r. 351–4.1(1)(d); (2) a "political committee," as that term is defined by Iowa Code § 68A.102(18); or (3) both?

2) If a corporation that has not previously registered as a political committee and that "was originally organized for purposes other than engaging in election activities" makes independent expenditures aggregating over $750 in a calendar year, does that corporation become, by virtue of such expenditures, a "permanent organization" pursuant to Iowa Code § 68A.402(9)?

795 F.Supp.2d at 862.

In a thoughtful and well-reasoned opinion by Justice Mansfield, the Iowa Supreme Court answered these two questions as follows:

1. An independent expenditure committee.

2. No.

Clerk's No. 58 at 3. According to the Iowa Supreme Court, if a corporation like IRTL makes "independent expenditures aggregating over seven hundred fifty dollars in a calendar year," it "becomes an 'independent expenditure committee' within the meaning of section 68A.404 but not a 'political committee' within the meaning of section 68A.102(18) or a 'permanent organization' within the meaning of section 68A.402(9)." *Id.* at 25.

---

3. An "independent expenditure" is:
   One or more expenditures in excess of seven hundred fifty dollars in the aggregate for a communication that expressly advocates the nomination, election, or defeat of a clearly identified candidate or the passage or defeat of a ballot issue that is made without the prior approval or coordination with a candidate, candidate's committee, or a ballot issue committee.
   Iowa Code § 68A.404(1).

4. The Iowa Ethics and Campaign Disclosure Board refers to organizations that are required to file independent expenditure statements under this section as "independent expenditure committees." *See* Iowa Admin. Code r. 351—4.1(1)(d). The Court adopts the Board's definition of "independent expenditure committee" for the purposes of this order.

In light of this ruling, IRTL's claim that it could be classified—or regulated—as a political committee or a permanent organization simply by making independent expenditures fails as a matter of law. Accordingly, IRTL has no standing to challenge the definitions of "political committee" and "permanent organization." *See generally Zanders v. Swanson,* 573 F.3d 591, 593 (8th Cir.2009) ("[I]n the First Amendment context, even though Plaintiffs are not required to await and undergo a criminal prosecution, they *must face a credible threat of present or future prosecution* under the statute for a claimed chilling effect to confer standing ...." (emphasis added)). Thus, Defendants are entitled to summary judgment on Count One.

## IV. CONCLUSION

For the foregoing reasons, the portion of "Plaintiff's Motion for Summary Judgment" (Clerk's No. 44) pertaining to Count One is DENIED and the portion of "Defendants' Motion for Summary Judgment" (Clerk's No. 45) pertaining to Count One is GRANTED. The Clerk of Court shall enter judgment for Defendants and against IRTL on all claims.[5]

IT IS SO ORDERED.

---

5. The Court is aware that the parties filed a "notice" that discusses costs on February 2, 2012. Clerk's No. 57. However, because no party has filed either a bill of costs or a motion regarding costs, any arguments regarding costs are not before the Court. *See generally* LR 7(a), 54.